**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: \_\_\_\_0:20-cv-62595\_\_\_\_

**NOVIA DYKES,**

 *Plaintiff*,

vs.

**HUMANA MARKETPOINT, INC.**

 *Defendant*.

_____/

**VERIFIED COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff Novia Dykes, through her undersigned counsel, sues Defendant Humana MarketPoint, Inc. for damages, and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Florida Civil Rights Act, Ch. 760, Fla. Stat. ("FCRA"), and the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA").

2. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this action involves federal questions.

3. Plaintiff Novia Dykes is a resident of Miami-Dade County, Florida, and is *sui juris*.

4. Defendant Humana MarketPoint, Inc. ("Humana") is a Kentucky corporation doing business in the State of Florida, and is *sui juris.*

5. All conditions precedent to bringing this action, if any, have occurred, have been waived, or would be a useless act and are accordingly waived.

6. Venue in the Southern District of Florida is proper because the workplace in which the violations are alleged to have occurred is located in the Southern District of Florida.

7. Plaintiff retained the undersigned law firm and agreed to pay a reasonable fee for the prosecution of this action.

## GENERAL ALLEGATIONS

8. Plaintiff Novia Dykes brings this action against Humana for race, color, and/or national origin discrimination and retaliation, and for violations of the FMLA.

9. There is sufficient evidence to demonstrate that race, color, and/or national origin was a motivating factor for the adverse employment actions taken against Plaintiff by Humana – including her wrongful and unlawful termination on May 17, 2019.

10. Alternatively and/or in addition to the foregoing, there is also sufficient evidence to demonstrate that Plaintiff's claims under the FMLA were a motivating factor for the adverse employment actions taken against Plaintiff by Humana – including her wrongful and unlawful termination on May 17, 2019.

11. Mrs. Dykes was employed by Humana as an inbound tele-sales agent.

12. Mrs. Dykes's responsibilities included selling insurance plans throughout the United States.

13. Mrs. Dykes would sell a variety of insurance plans including, but not necessarily limited to, Medicare Advantage Plans, Prescription Drug plans, Vision plans,

Oral Balancing System dental plans, and, occasionally, supplemental insurance plans.

14. Mrs. Dykes is licensed to sell insurance plans in 35 states, including, but not limited to, Florida, Georgia, Tennessee, Texas, California, South Carolina, North Carolina, Minnesota, Mississippi, Ohio, Wisconsin, Kentucky, Pennsylvania, West Virginia, and Virginia.

15. Mrs. Dykes' work performance was pristine and she was often held out as a model employee, even being awarded with multiple first (1st) place awards for outbound calls and a third (3rd) place award for outbound calls. Mrs. Dykes was also named the top performer for the annual enrollment period.

16. Mrs. Dykes regularly hit her sales goals during insurance open enrollment period and non-open enrollment periods.

17. Prior to her wrongful and unlawful termination, Mrs. Dykes was never given any verbal warnings or written reprimands.

18. Additionally, Mrs. Dykes has never been placed on any performance improvement plans.

19. Humana treated Mrs. Dykes differently with regard to compensation, terms, conditions, and privileges of employment because of her race, color, and/or national origin.

20. Mrs. Dykes's supervisor willfully withheld Medicare calls and incoming supplemental insurance calls from her since January 2019. Mrs. Dykes's supervisor would direct these calls to non-Jamaican employees. Mrs. Dykes's supervisor's withholding of these calls from Mrs. Dykes prevented her from earning additional

compensation. In contrast, the non-Jamaican employees that these calls were directed to resulted in a direct monetary benefit to such employees. There is no non-discriminatory explanation for withholding these calls from Mrs. Dykes.

21. Mrs. Dykes's supervisor regularly denied Mrs. Dykes access to more financially fruitful inbound call campaigns. Instead, Mr. Pena placed Mrs. Dykes on the outbound call campaigns that have less opportunities for financial gain. Mr. Pena was not denying non-Jamaican employees from the inbound call campaigns. Mr. Pena was also aware of numerous problems with the outbound calling system that would result in less financial opportunities for Mrs. Dykes. Additionally, Mr. Pena was aware that placing Mrs. Dykes on outbound call campaigns would prevent her from increasing her monetary opportunities because of legal restrictions on selling insurance supplements for outbound calls.

22. Plaintiff's supervisors were of Cuban heritage. One of Plaintiff's supervisors made threatening and discriminatory comments to Mrs. Dykes that he would kill for another Cuban employee.

23. Plaintiffs' supervisors also made disparaging comments about Jamaicans, through and including the same month Plaintiff was terminated.

24. It is without question that leading up to her termination, Mrs. Dykes was (i) treated less favorably/unfavorably because of her race, color, and national origin; (ii) harassed by her direct supervisors; (iii) deprived opportunities because of her race, color, and national origin; (iv) denied or stripped of sales opportunities because of her race, color, and national origin; and, (v) received less benefits and pay than non-Jamaican

employees.

25. In contrast, many non-Jamaican employees have not been terminated despite receiving verbal warnings, written reprimands, performance improvement plans, final warnings, and violations for sales procedures. This disparity in treatment is discriminatory and willful.

26. Mrs. Dykes was employed by Humana from 2015 until she was wrongfully and unlawfully terminated on May 17, 2019.

27. Humana discharged Mrs. Dykes and denied her the same benefits as other non-Jamaican employees.

28. Mrs. Dykes was forced to work separate and apart from the other employees and at one point was also forced to work from her home in Miami-Dade County, Florida, which other employees were not forced to do.

29. Mrs. Dykes' race, color, and/or national origin was a motivating factor that prompted Humana to discharge Mrs. Dykes and deny Mrs. Dykes the same benefits as non-Jamaican employees.

30. Mrs. Dykes' race, color, and/or national origin influenced Humana's decision in taking adverse employment actions against Mrs. Dykes.

31. Humana – via their agent and manager Mr. Jorge Pena – terminated Mrs. Dykes because of her race, color, national origin, and also because she voiced concerns and expressed complaints concerning the willful discrimination against her.

32. Mrs. Dykes engaged in protected activity by complaining to Humana's Ethics Hotline and Human Resource Department about adverse employment actions

taken against her by her direct supervisor Mr. Jorge Pena. Mrs. Dykes was terminated approximately two (2) weeks after engaging in this protected activity.

33. A reason for Mrs. Dykes being terminated was that she engaged in protected activity by complaining to Humana's Ethics Hotline and Human Resource Department about adverse employment actions taken against her by her direct supervisor Mr. Jorge Pena.

34. Alternatively and/or in addition to the foregoing, there is also sufficient evidence to demonstrate that Plaintiff was terminated for requesting leave under the FMLA. Specifically, Plaintiff requested leave in order to care for her ill husband. Plaintiff's supervisor refused to sign off on Plaintiff's leave, and Plaintiff was terminated within a matter of weeks thereafter.

35. Mrs. Dykes also engaged in protected activity in requesting leave under the FMLA. Mrs. Dykes was terminated within a matter of weeks after engaging in this protected activity as well.

36. Mrs. Dykes' husband passed away shortly after Mrs. Dykes was terminated.

37. Alternatively and/or in addition to the foregoing, a reason for Mrs. Dykes being terminated was that she engaged in protected activity by requesting leave under the FMLA.

38. The decision Humana gave Mrs. Dykes for the adverse employment actions including her termination (e.g. that she missed work calls) were untrue and simply pretext – especially considering these purported calls were automatically dropped by Humana's broken dialer. Humana and many other employees were aware of the broken dialer

issues. The pretextual reasons for the adverse employment actions are so unbelievable that they amount to a cover-up to hide the true discriminatory reasons for the decision. Simply put, Humana's proffered explanation is unworthy of credence.

39. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations. The EEOC issued Plaintiff a Right to Sue notice on November 12, 2020.

**COUNT I**

**RACE, COLOR, AND/OR NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

40. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff belongs to a protected class on the basis of her race, color, and/or national origin.

42. Defendant unlawfully discriminated against Plaintiff by treating her unfavorably and/or less favorably because of her race, color, and/or national origin.

43. Plaintiff suffered as a result of being exposed to discrimination on the basis of her race, color, and/or national origin, including through wrongful termination and other adverse employment actions as described in this Complaint.

44. Defendant treated similarly situated employees of other races, colors, and/or national origins more favorably than Plaintiff.

45. Defendant had no legitimate business reason for its discriminatory behaviors and actions against Plaintiff.

46. Defendant had no legitimate business reason for taking adverse actions against Plaintiff.

47. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then discrimination was at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

48. In discriminating against Plaintiff, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

49. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff NOVIA DYKES demands judgment against Defendant HUMAN MARKETPOINT, INC. for all allowable remedies (equitable and/or at law) pursuant to Title VII of the Civil Rights Act of 1964, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

## COUNT II

## RACE, COLOR, AND/OR NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

50. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 39 as if fully set forth herein.

51. Plaintiff belongs to a protected class on the basis of her race, color, and/or national origin.

52. Defendant unlawfully discriminated against Plaintiff by treating her unfavorably and/or less favorably because of her race, color, and/or national origin.

53. Plaintiff suffered as a result of being exposed to discrimination on the basis of her race, color, and/or national origin, including through wrongful termination and other adverse employment actions as described in this Complaint.

54. Defendant treated similarly situated employees of other races, colors, and/or national origins more favorably than Plaintiff.

55. Defendant had no legitimate business reason for its discriminatory behaviors and actions against Plaintiff.

56. Defendant had no legitimate business reason for taking adverse actions against Plaintiff.

57. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then discrimination was

at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

58. In discriminating against Plaintiff, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

59. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff NOVIA DYKES demands judgment against Defendant HUMANA MARKETPOINT, INC. for all allowable remedies (equitable and/or at law) pursuant to the Florida Civil Rights Act, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

**COUNT III**

**UNLAWFUL INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

60. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 39 as if fully set forth herein.

61. At all times relevant hereto, Plaintiff was protected by the FMLA.

62. Defendant interfered with Plaintiff based upon Plaintiff's exercise of her FMLA rights.

63. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then unlawful interference under the FMLA was at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

64. Plaintiff was protected from interference under the FMLA.

65. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff suffered damages and incurred reasonable attorneys' fees and costs.

66. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court deems just and proper.

**COUNT IV**

**UNLAWFUL RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

67. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 39 as if fully set forth herein.

68. At all times relevant hereto, Plaintiff was protected by the FMLA.

69. Defendant retaliated against Plaintiff based upon Plaintiff's exercise of her FMLA rights.

70. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then unlawful retaliation under the FMLA was at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

71. Plaintiff was protected from retaliation under the FMLA.

72. Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her rights to take approved leave pursuant to the FMLA and objected to Defendant's misconduct regarding same.

73. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA and objecting to Defendant's misconduct regarding same, Plaintiff suffered damages and incurred reasonable attorneys' fees and costs.

74. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

75. Plaintiff demands a trial by jury for all issues so triable.

                                                Respectfully submitted,

**THE BURTON FIRM, P.A.**
*Counsel for Plaintiff Novia Dykes*
2875 N.E. 191 Street, Suite 403
Aventura, Florida 33180
P: 305-705-0888 | F: 305-705-0008
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

By:  /s/ Marc A. Burton
      Richard J. Burton    Florida Bar No. 179337
      Marc A. Burton       Florida Bar No. 95318

VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged herein are true and correct to the best of knowledge and belief.

Executed on the 15th day of December, 2020, by:

*Novia Dykes*
_____
NOVIA DYKES